**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 3 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TMF TRUSTEE LIMITED, | No. 19-55532 |
| Plaintiff-Appellee, | D.C. No. 2:17-cv-09010-AGR |
| v. | |
| MONJASA LTD., | MEMORANDUM* |
| Intervenor-Plaintiff-Appellant, | |
| v. | |
| NOVELL INVESTMENTS, INC.; et al., | |
| Intervenor-Plaintiffs-Appellees, | |
| v. | |
| M/T MEGACORE PHILOMENA, her engines, boilers, tackles, and other appurtenances, etc., in rem; HURRICANE NAVIGATION, INC., a Marshall Islands Corporation, in personam, | |
| Defendants-Appellees. | |

Appeal from the United States District Court

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

for the Central District of California
Alicia G. Rosenberg, Magistrate Judge, Presiding

Submitted April 1, 2020[**]
Pasadena, California

Before: BEA and BADE, Circuit Judges, and Y. GONZALEZ ROGERS,[***] District Judge.

Intervenor-Plaintiff-Appellant Monjasa Ltd. ("Monjasa") appeals the district court's denial of its motion for priority ranking of its maritime lien on the vessel M/T Megacore Philomena ("Philomena"). This motion was opposed by Plaintiff-Appellee TMF Trustee Limited ("TMF"), mortgagee of the Philomena, who initiated this foreclosure action against the Philomena and its owner, Hurricane Navigation, Inc. ("Hurricane"). We assume familiarity with the facts and discuss them only as necessary to explain our decision. For the reasons discussed below, we affirm.

Monjasa does not dispute the district court's conclusions that TMF is the valid holder of a preferred mortgage lien on the Philomena within the meaning of 46 U.S.C. § 31325(a), or that TMF's mortgage lien is superior to Monjasa's maritime lien under federal law. *See Wardley Int'l Bank, Inc. v. Nasipit Bay*

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Yvonne Gonzalez Rogers, United States District Judge for the Northern District of California, sitting by designation.

*Vessel*, 841 F.2d 259, 263 (9th Cir. 1988). Instead, Monjasa argues that "[t]he preferred mortgage lien should be equitably subordinated to Monjasa's lien for necessaries based on Lenders['] inequitable conduct that gave it an unfair advantage." But Monjasa has not made any showing that TMF "engaged in inequitable conduct," a showing that is required for equitable subordination. *See id.* For example, Monjasa does not challenge the district court's conclusion that TMF's mortgage on the Philomena was valid under Marshall Islands law. Further, Monjasa has submitted no evidence that, like in *Wardley*, would suggest that the lenders and borrowers here were not operating at arm's length, or that consideration was not given for the promissory note—or anything else to show that "the financial transaction was a sham." *Id.* at 264.

Monjasa's arguments that TMF's timing in arresting the Philomena constitutes inequitable conduct similarly fail. There is no evidence in the record that TMF would or should have known that the arrest might have thwarted the purported sale. Rather, as the district court concluded, the evidence in the record suggests that TMF was justified in concluding that the sale was unlikely, particularly because the agreed upon date of sale had passed a month prior to the Philomena's arrest. Likewise, Monjasa can point to nothing in the record to support its argument that TMF knew maritime liens were accumulating and not being paid. To the contrary, TMF points to uncontroverted evidence that no

3

Philomena expense invoices were presented to TMF after October 1, 2017—almost two months before Monjasa supplied fuel to the vessel. Even if TMF somehow knew that the Philomena's debts were not being paid (and there is no evidence to suggest that it did) and refused to act, "[i]nequitable conduct sufficient to support equitable subordination cannot be based on mere negligence . . . or indifference." *Md. Nat'l Bank v. Vessel Madam Chapel*, 46 F.3d 895, 901 (9th Cir. 1995).

In the alternative, Monjasa requested that the district court order a marshaling of assets to "require TMF to pursue the M/T HONAMI before any payment of any proceeds from the sale of the PHILOMENA." However, the M/T Honami was not within the jurisdiction of the district court. Thus, the district court correctly rejected Monjasa's request, because "[a] court of equity will not entertain the question of marshalling assets, unless both funds are within the jurisdiction and control of the court." *Lewis v. United States*, 92 U.S. 618, 623 (1875) (citations omitted). Further, even if the court had jurisdiction over the M/T Honami, Monjasa cites to no evidence that would support the district court's ordering a marshaling of assets. And courts should refrain from doing so when, as here, the order would "operate to the detriment of other creditors," such as those to whom the M/T Honami likely owes debts. *John W. Stone Oil Distrib., Inc. v. M/V Mr. W. Bruce*, 752 F.2d 184, 187 (5th Cir. 1985).

**AFFIRMED.**

4